■ DUMONT HANDKERCHIEFS, INC., Respondent, v NIXDORF COMPUTER, INC., Appellant.—Order, Supreme Court, New York County, entered November 3, 1978, denying defendant's motion to withdraw its counterclaim and to vacate the order, Supreme Court, New York County, entered February 21, 1978, which directed an evidentiary hearing before a Special Referee on plaintiff's motion to modify the judgment theretofore entered, unanimously modified, on the law, only to the extent of vacating the order of reference, directing the parties to proceed to trial in compliance with the prior order of this court, and otherwise affirmed, without costs or disbursements on the appeal. In our prior decision (63 AD2d 618), we unanimously modified the judgment which had been entered following a nonjury trial by affirming so much of the judgment as dismissed the complaint and directed defendant to complete its performance under a contract with plaintiff in connection with the sale to Dumont by Nixdorf of certain computer equipment, and remanding the matter for a new trial on defendant's counterclaim to recover the balance of the purchase price, finding insufficient the trial court's findings as to whether defendant's failure to complete performance resulted from or preceded any interference by plaintiff's vice-president. We found proper the trial court's direction that defendant complete those parts of its contractual obligations not yet performed, albeit that the court awarded judgment to defendant dismissing the two causes of action alleged in the complaint, the first seeking recovery of so much of the purchase price which had been paid, and the second for damages for breach of an implied warranty of fitness. Our prior order affirmed so much of the judgment as ordered, adjudged and decreed that defendant was required to complete its contractual obligations because we found that the trial court had inherent power to provide for relief which necessarily flowed from the finding that there was a valid and subsisting contract between the parties. This was premised on the fact, as the trial court found, that defendant had accepted benefits under the agreement, having been paid a substantial portion of the purchase price, without appropriate completion of performance on its part. Under such circumstances, the trial court had inherent power, in conjunction with its awarding judgment to defendant dismissing the first and second causes of action, to direct completion by defendant of its contractual obligations. Our prior memorandum so held, expressly refusing to disturb the second decretal paragraph of the judgment, which, we observe, contains a clear direction that defendant complete its performance and is not in any way made contingent upon any recovery by defendant on its counterclaim. Defendant's

obligation to perform its contract is not related to its right to recover on its counterclaim. However, we find unnecessary the reference contained in Special Term's order of February 21, 1978, directing an evidentiary hearing upon plaintiff's motion to modify the judgment. The prior appeal renders academic that application and the reference theretofore directed by Justice Edwards. Our prior memorandum remanded the matter for a new trial as to defendant's entitlement to recover on its counterclaim. The new trial must of necessity be held before the court, not before a Special Referee. The issues to be disposed of upon remand are the very same issues which had been referred by the court to a Special Referee. Accordingly, we find inappropriate Special Term's denial of that branch of defendant's motion to vacate the prior order which had directed an evidentiary hearing on the factual issues raised by plaintiff's motion to modify. The parties are directed to proceed to trial with due dispatch in compliance with the order hereon and with the prior order of this court. Concur—Birns, J. P., Fein, Lane, Lupiano and Bloom, JJ.